IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

HAROLD B. EPTON                                                  PLAINTIFF

vs.                                    Civil No. 4:08-cv-04108

MICHAEL J. ASTRUE                                       DEFENDANT
Commissioner, Social Security Administration

## **MEMORANDUM OPINION**

Harold B. Epton ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 2).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

## 1. **Background:**

This is the second time Plaintiff's case has been before this Court. *See Epton v. Astrue,* Civil No. 4:07-CV-04024. The background and procedural history is outlined in this Court's first memorandum opinion entered in this case. *See id.* Doc. No. 7. In that opinion, this Court remanded Plaintiff's case to the SSA. *See id.* As a result of that remand, the ALJ held a second administrative hearing. (Tr. 570-598). This hearing was held on April 9, 2008 in Texarkana, Arkansas. (Tr. 570-

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

598). Plaintiff was present and was represented by counsel, Greg Giles, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") William Elmore testified at this hearing. *See id.*

On June 24, 2008, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 523-533). In this decision, the ALJ determined Plaintiff last met the insured status requirements of the Act on December 31, 1998. (Tr. 525, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") from his alleged onset date of June 15, 1993 through his date last insured of December 31, 1998. (Tr. 525-526, Finding 2). The ALJ determined Plaintiff had the following severe impairments: mood disorder and anxiety-related disorder. (Tr. 526, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 526, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 527-533). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found his claimed limitations were not totally credible. *See id.* Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b).

(Tr. 527-533, Finding 5). According to 20 C.F.R. § 404.1567(b), "light work" is defined as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b). The ALJ then determined that with that RFC, Plaintiff retained the ability to perform his PRW as a live haul manager. (Tr. 533, Finding 6). Based upon this determination, the ALJ found Plaintiff had not been under a disability as defined in the Act at any time from June 15, 1993, his alleged onset date, through December 31, 1998, his date last insured. (Tr. 533, Finding 7).

On July 1, 2008, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 517-519). *See* 20 C.F.R. § 404.968. On October 23, 2008, the Appeals Council declined to assume jurisdiction of Plaintiff's case. (Tr. 513-516). On November 10, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on November 19, 2008. (Doc. No. 2). Both parties have filed appeal briefs. (Doc. Nos. 5-6). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

3

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

4

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred by "undermining" his credibility regarding his claimed disability beginning June 15, 1993; (B) the ALJ erred in finding Plaintiff's impairments did not cause significant limitations in his ability to perform basic work activities from his alleged onset date until December 31, 1998, his date last insured; and (C) the ALJ erred by concluding he retained the RFC to perform his PRW as a live haul manager. (Doc. No. 5, Pages 2-18). In response, Defendant argues the ALJ properly assessed Plaintiff's credibility, properly found Plaintiff's impairments did not meet or equal a Listing, and properly based his disability determination upon substantial evidence in the record. (Doc. No. 6, Pages 4-14). This Court will address each of Plaintiff's arguments.

    A.    **Credibility Determination**

Plaintiff argues the ALJ improperly found his subjective complaints were not credible to the extent he alleged. (Doc. No. 5, Pages 3-6). Plaintiff argues the ALJ improperly focused on the earnings he reported for 2000 as income from his chicken farms. *See id.* Plaintiff argues, "The ALJ focused too much on the $10,665.00 earnings which were not substantial earnings and allowed that to prejudice his review of this claim." *See id.* In response, Defendant argues the ALJ properly

5

evaluated Plaintiff's credibility. (Doc. No. 6, Pages 4-7). Defendant argues the ALJ's focus on Plaintiff's reported earnings from 2000 was entirely appropriate and that this record from 2000 "belies Plaintiff's testimony that he was not able to engage in any labor on the farm." (Doc. No. 6, Page 5).

### (1) *Polaski* Evaluation

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, this Court finds the ALJ properly evaluated and discounted Plaintiff's subjective complaints pursuant to the requirements of *Polaski*. The ALJ outlined the requirements of *Polaski*. (Tr. 529-530). The ALJ then provided a very thorough analysis of many of those factors. (Tr. 530-533). The ALJ also stated several inconsistencies between Plaintiff's subjective complaints and the record, including the following: (1) Plaintiff stopped working at Tyson in 1993 but worked steadily on his farm during the ensuing years; (2) although he alleged he had a history of post traumatic stress disorder symptoms as of his alleged onset date in 1993, he did not seek any treatment for those symptoms until the summer of 1998, just a few months prior to his date last insured; (3) treatment notes from December 1999 (a year after his date last insured) show the claimant was experiencing "no moderate or severe depressive symptoms" and "no psychotic symptoms" (Exhibit 7F, page 171) (emphasis added); (4) the VA found he first met the requirements for unemployability on March 15, 2001, more than 2 years after his date last insured of December 31, 1998 (Exhibit 7F, page 242); (5) as of his date last insured, he had no significantly limiting physical conditions; and (6) there was no clinical evidence showing he had a disabling mental

7

condition as of his date last insured. (Tr. 532-533). These credibility findings are sufficient to meet the requirements of *Polaski*.

### (2) Plaintiff's Earnings from 2000

Plaintiff claims the ALJ improperly focused on the earnings he reported for 2000 as income from his chicken farms. (Doc. No. 5, Pages 3-6). Plaintiff claims the ALJ was prejudiced by these reported earnings. *See id.* However, as noted by Defendant, these reported earnings only further undermined Plaintiff's credibility. Plaintiff's reported earnings from 2000 indicate Plaintiff was actively engaging in physical labor in 2000 and even before 2000.

The evidentiary record also supports a finding that Plaintiff was actively engaged in physical labor during that time period. Notably, Plaintiff claims he was disabled from his alleged onset date of June 15, 1993 (Tr. 49-51) through the date he was last insured or through December 31, 1998 (Tr. 525, Finding 1). During that time period, the evidentiary record reveals numerous instances in which Plaintiff indicated he was indeed engaging in physical labor on his farm, even for years after his insured status expired in December of 1998. For example, the VA progress notes dated in July and August 1998 show Plaintiff worked as a farmer. (Tr. 96, 110). VA progress notes dated September 16, 1999 reveal Plaintiff was "active and work[ed] outside." (Tr. 86, 112). On September 20, 1999, Plaintiff presented to the VA with a history of an excruciating headache that started in August 1999 after he had "been working in 102 degree heat outside building a fence." (Tr. 84, 528). Accordingly, because these records also provide a basis for the ALJ's conclusion that Plaintiff's subjective complaints were not credible, this Court finds no error with the ALJ's evaluation of Plaintiff's credibility.

### B. RFC Determination

Plaintiff claims the ALJ erred by finding his impairments did not cause significant limitations

in his ability to perform basic work activities. (Doc. No. 5, Pages 6-12). With this argument, Plaintiff claims he is disabled due to his Post Traumatic Stress Disorder (PTSD). *See id.* In support of his argument that he is disabled due to PTSD, Plaintiff claims the following: (1) his PTSD meets or equals the requirements of the Listings; and (2) his PTSD has been found to be disabling by the VA, and the SSA should follow that finding in this case. *See id.* In response, Defendant argues the ALJ properly determined Plaintiff's RFC and properly found Plaintiff's impairments did not meet or equal the requirements of the Listings. (Doc. No. 6, Pages 7-12). Specifically, Defendant argues that Plaintiff's impairments did not meet or equal the requirements of either Listing 12.04 or 12.06. *See id.* This Court will address both of Plaintiff's arguments.

### (1) Listings 12.04 and 12.06

Plaintiff argues his PTSD meets the requirements of either Listing 12.04 (affective disorders) or Listing 12.06 (anxiety-related disorders). First, under Listing 12.04, Plaintiff must establish he suffers from an affective disorder which is "[c]haracterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome." Plaintiff must also establish that he meets the requirements of both A and B of Listing 12.04 or that he meets the requirements of C of Listing 12.04. In his briefing, Plaintiff provided no argument that he met the requirements of A. (Doc. No. 5, Pages 10-12). Therefore, this Court will not further evaluate the issue of whether Plaintiff meets the requirements of both A and B of Listing 12.04. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting the claimant's argument out-of-hand because he merely provided a conclusory assertion that the ALJ failed to consider whether he met the requirements of the listings without analysis of the relevant law or facts).

As for the requirements of C of Listing 12.04, Plaintiff must establish a two-year medically

9

documented history of chronic affective disorder. Plaintiff's medical records, however, demonstrate that Plaintiff does not have a two-year documented history of treatment for PTSD during the relevant time period. Notably, Plaintiff claims he was disabled from his alleged onset date of June 15, 1993 (Tr. 49-51) through the date he was last insured or through December 31, 1998 (Tr. 525, Finding 1). Despite his early alleged onset date, Plaintiff did not seek medical treatment for his PTSD until July of 1998.[3] (Tr.97-98, 532). Since his medical treatment for PTSD did not begin until July of 1998, it is impossible for him to establish a two-year treatment record from July of 1998 until his date last insured of December 31, 1998.

Second, under Listing 12.06, Plaintiff must establish he suffers from a disabling anxiety disorder that "is either the predominant disturbance or . . . is experienced if the individual attempts to master symptoms." To meet the requirements of this listing, Plaintiff must establish either that he meets the requirements of A and B or A and C. Plaintiff does not argue he meets the requirements of A and B. (Doc. No. 5, Pages 11-12). Furthermore, in his briefing, instead of arguing he meets the requirements of both A and C, Plaintiff instead argues that he just meets the requirements of C. *See id.* Plaintiff neglects to consider the fact that he must meet the requirements of *both* A and C. Because Plaintiff has failed to fully brief this issue and explain how he meets *both* the requirements of A and C, this Court will not address this issue further. *See Vandenboom,* 421 F.3d at 750.

---

[3] In his appeal brief, Plaintiff claimed his medical records from July of 1998 provided he was *disabled* due to his PTSD. (Doc. No. 5, Pages 11-12). Plaintiff quoted a large section of one of his medical records and stated it was dated from July of 1998: "Harold is unable to do any significant gainful employment of any kind. . . ." *See id.* This Court spent considerable time trying to locate this cited record and found that this record is, in fact, from **June 2005**, well after the expiration of Plaintiff's date last insured. (Tr. 185-186). Because this record is so far outside Plaintiff's date last insured, it has little relevance to Plaintiff's current claims.

### (2) VA's Disability Determination

Plaintiff also argues that the VA's finding that he was "permanently and totally disabled" supports his claim that he is currently disabled due to his PTSD. (Doc. No. 5, Pages 8-9). However, as an initial matter, a determination from the VA is not binding on this Court. *See Pelkey v. Barnhart,* 433 F.3d 575, 579 (8th Cir. 2006) (noting that the ALJ is not bound by the disability rating of another agency when evaluating whether a claimant is disabled for purposes of social security benefits). *See also* 20 C.F.R. § 404.1504. Additionally, even if such a determination *were binding* on this Court, this determination is still entitled to little weight. Notably, it appears the VA did not determine Plaintiff was disabled until 2001, over two years after the expiration of Plaintiff's insured status. (Tr. 185-186, 532-533). Accordingly, this Court finds the ALJ did not err by disregarding the opinions of the VA.

### C. PRW Determination

Plaintiff claims the ALJ erred by concluding he retained the RFC to perform his PRW as a live haul manager. (Doc. No. 5, Pages 13-18). Plaintiff claims his testimony and the findings of Dr. Allen from 2005 support his claims that he could not perform this PRW during the relevant time period. *See id.* In response, Defendant argues that substantial evidence supports the ALJ's determination that Plaintiff could perform his PRW. (Doc. No. 6, Pages 12-14). Defendant argues the ALJ properly considered Plaintiff's limitations in determining he could perform his PRW. *See id.*

Based upon a review of the transcript, this Court finds the ALJ properly determined Plaintiff retained the RFC to perform his PRW as a live haul manager. As noted above, the ALJ's RFC determination that Plaintiff could perform light work is supported by substantial evidence in the record. The ALJ heard testimony from the VE regarding Plaintiff's PRW and determined that

Plaintiff's PRW included work as a live haul manager (light, skilled).  (Tr. 596).  The ALJ then determined Plaintiff's RFC did not preclude him from performing his PRW as a live haul manager.  This finding is supported by the VE's testimony regarding the exertional and skill level required and by the ALJ's RFC determination.

Plaintiff has the burden of establishing he is unable to perform his PRW as a live haul manager.  *See Cox*, 160 F.3d at 1206.  To meet this burden, Plaintiff offers only his subjective testimony and Dr. Allen's report from 2005.  As outlined above, the ALJ's determination that his subjective testimony was not credible is supported by substantial evidence in the record.  Additionally, as noted above, Dr. Allen's report is dated nearly seven years after Plaintiff's disability insured status expired.  Therefore, Plaintiff has essentially offered no credible evidence supporting his claims.  Accordingly, Plaintiff has not met his burden of establishing he is unable to perform his PRW, and this Court finds that the ALJ's disability determination should be affirmed

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 7th day of January, 2010.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE